UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

|  |  |  |
|---|---|---|
| In re | ) ) ) | |
| Grace Valeria Brandon, | ) ) | Case No. 06-80439 |
| Debtor. | ) ) ) | |

_____

ORDER AND OPINION
_____

This matter came on for hearing on July 6, 2006 in Durham, North Carolina upon a motion by America's Servicing Company ("the Creditor") to confirm termination or absence of the stay imposed by 11 U.S.C. § 362 ("the Stay").  Shawna Staton appeared on behalf of the Creditor; Donald D. Pergerson appeared on behalf of the Debtor; and Benjamin E. Lovell appeared on behalf of Richard M. Hutson II, the Chapter 13 Trustee.  After considering the documents on the record and the arguments of counsel, the court makes the following findings of fact and conclusions of law:

The facts in this case are not contested.  The Debtor filed her petition for relief in this case on April 17, 2006 ("the Petition Date").  In the one-year period preceding the Petition Date, the Debtor had one case pending under the Bankruptcy Code ("the Prior Case").[1]  The Prior Case was dismissed on January 13, 2006.  The Debtor incurred the debt at issue in this matter when she purchased her primary residence.  The Creditor financed the Debtor's purchase of her

---

[1] The Debtor actually has two cases that preceded her current case.  However, the first of these two preceding cases was dismissed in 2003 and, therefore, does not impact the court's analysis here.

residence.  The Creditor's loan is secured by a deed of trust on the residence.  During the period between the dismissal of the Prior Case and the Petition Date, the Creditor began foreclosure proceedings against the Debtor's residence.

The parties agree that § 362(c)(3) applies in this case.  The Debtor has not requested that the Stay be extended in this case.  Therefore, all parties agree that the Stay no longer applies with respect to the Debtor.  The parties present a single question of law: following the termination of the Stay pursuant to § 362(c)(3), is property of the estate protected by the Stay?

Section 362(c)(3) provides as follows:

> [I]f a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case . . . .

11 U.S.C. § 362(c)(3).  When interpreting statutes, the plain language of an unambiguous statute governs barring exceptional circumstances.  Rubin v. United States, 449 U.S. 424, 430 (1981).  The plain language of a statute is conclusive unless a "literal application of the statute will produce a result demonstrably at odds with the intentions of its drafters."  Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571 (1982).  Therefore, in the instant matter, the court must begin with the language of § 362(c)(3).

Since the parties have stipulated that § 362(c)(3) applies to the Debtor's case, the court is left to determine the effects of subsection (A).  Looking to § 362(c)(3)(A), the plain language indicates that the Stay terminates only in certain circumstances.  First, the subsection indicates that the Stay terminates "with respect to any action taken."  As previously held by this court and

others, the Stay does not terminate when no prepetition action has been taken by creditors of a debtor.  See In re Paschal, 337 B.R. 274 (Bankr. E.D.N.C. 2006).  In this case, the parties do not dispute that the Creditor, by commencing foreclosure proceedings, took action prior to the Debtor's current case.

Second, the subsection provides that the Stay will terminate "with respect to a debt or property securing such debt or with respect to any lease."   While the limits of this language have not been litigated, the language of the statute includes situations, such as the one in the instant matter, where creditors seek to foreclose upon collateral securing a loan to a debtor.

Finally, this subsection imposes a third limit upon the extent to which the Stay terminates.  The Stay "shall terminate with respect to the Debtor."  A majority of courts have interpreted this language to mean that property of the estate is protected by the Stay despite the Stay's limited termination with respect to the Debtor under § 362(c)(3)(A).  See, e.g., In re Gillcrese, ___ B.R. ___, No. 05-050408 JKF, 2006 WL 2265546, at *2 (Bankr. W.D. Pa. Jul. 20, 2006); In re Baldassaro, 338 B.R. 178, 182 (Bankr. D. N.H. 2006); In re Moon, 339 B.R. 668, 672 (Bankr. N.D. Oh. 2006); In re Jones, 339 B.R. 360, 364 (Bankr. E.D.N.C. 2006); In re Johnson, 335 B.R. 805, 807 (Bankr. W.D. Tenn. 2006).  But see, e.g.,  In re Jupiter, 344 B.R. 754, 757 (Bankr. D. S.C. 2006); In re Jumpp, 344 B.R. 21, 26 (Bankr. D. Mass. 2006). This court finds the reasoning of the majority sound and proper.

The portion of § 362(c)(3)(A) at issue in this matter is clear.  By including "with respect to the Debtor" in § 362(c)(3)(A), Congress included a limitation on the extent to which the Stay would terminate under this subsection.  Congress could have removed the Stay in its entirety, as it did under § 362(c)(4), by simply deleting the phrase "with respect to the Debtor."  See 11

U.S.C. § 362(c)(4) (providing that, if a debtor has two cases dismissed within one year of the filing of a third case, the Stay "shall not go into effect upon the filing of the later case"). However, Congress chose to include the phrase "with respect to the Debtor" in this subsection and courts are required to presume that these words, which contain no ambiguity, mean what they say. Conn. Nat'l Bank v. Germain, 503 U.S. 249, 254 (1992) ("Courts must presume that a legislature says in a statute what it means and means in a statute what it says there."). Furthermore, applying the language of § 362(c)(3) does not produce absurd results. There are sound policy reasons for providing stiffer penalties for debtors who have filed multiple recent bankruptcy cases and providing lighter penalties for debtors who have filed only one previous case. Therefore, the court must conclude that, under § 362(c)(3), the Stay terminates only with respect to the debtor and that property of the estate is still protected by the Stay.

     Courts in the minority have criticized this result. These courts have stated that Congress intended the Stay to terminate entirely under § 362(c)(3). See, e.g., In re Jumpp, 344 B.R. 21 (Bankr. D. Mass. 2006). Unfortunately, the legislative history regarding § 362(c)(3) is sparse. See id. This court was unable to locate any legislative history showing that the results of the majority's application of the plain language of the statute is demonstrably at odds with Congressional intent. If Congress truly intended for the Stay to lift entirely, Congress could have drafted § 362(c)(3)(A) as they did § 362(c)(4). However, Congress chose to draft the provisions differently and courts must give effect to that difference. As such, this court will implement the plain language as contained in the statute.

Therefore, the Creditor's motion is GRANTED with regard to the Debtor but DENIED with regard to property of the estate.

PARTIES TO BE SERVED
06-80439       Brandon


All parties to be served